### 46700. LATHAM et al. v. PENINSULAR FIRE INSURANCE COMPANY.

PANNELL, Judge. Appellants brought an action against the appellee insurance company in the Civil Court of Fulton County claiming an insurable interest in the property insured, which was destroyed by fire, by reason of the

fact that at the time of the fire on September 13, 1969, plaintiffs were the grantees in a security deed against that property dated November 20, 1968, from the then owners of said property, being the wife of one of the plaintiffs and the step-son of the other, purportedly taken at the same time plaintiffs executed a warranty deed conveying the property to the grantors in the security deed. This security deed was never recorded. Upon the trial of the case, the judge to whom the case was submitted without the intervention of a jury, found in favor of the insurance company, apparently upon the theory that the alleged security deed was not executed and delivered on the date shown, that is November 20, 1968, but was executed and delivered after the fire in 1969. The plaintiffs appealed to this court, enumerating as error the overruling of their motion for new trial on the general grounds only, and other enumeration of errors the equivalent thereof, and the enumeration of error that the court erred in not stating the reason for rendering the judgment in favor of the defendant. *Held:*

1. The direct and circumstantial evidence relating to the execution of the security deed involved was sufficient to authorize a finding that at the time of the fire the plaintiff appellants were not the owners and holders of the security deed under which they claim an insurable interest in the property. We must accordingly affirm the judgment of the trial judge in finding in favor of the defendant.

2. The enumeration of error as to the trial court not stating the reason for rendering judgment in behalf of the defendant not having been argued or insisted on will be treated as abandoned.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*
ARGUED NOVEMBER 1, 1971—DECIDED JANUARY 17, 1972.

*Burdine & Freeman, Essley B. Burdine,* for appellants.
*Gambrell, Russell, Killorin, Wade & Forbes, Sewell K. Loggins, Max B. Hardy,* for appellee.